UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - x

LARRY MARSHAK AND FLORIDA
ENTERTAINMENT MANAGEMENT, INC.,    :

                Plaintiffs,    :

    -against-    :

HERB REED AND JOHN DOE    :
NOS. 1-10,
                    :

             Defendants.   :
- - - - - - - - - - - - - - - - x

CV11-2582

FILED
IN CLERK'S OFFICE
U.S DISTRICT COURT E.D.N.Y.

★ MAY 27 2011 ★

11-CV

BROOKLYN OFFICE

SUMMONS ISSUED
COGAN, J.

COMPLAINT

Plaintiffs Larry Marshak ("Marshak") and Florida Entertainment Management, Inc. ("EnMan"), by their undersigned attorneys, for their complaint against defendant Herb Reed ("Reed"), aver:

Nature of the Action

1.  This action begins another chapter in the more than 30 year-old litigation involving the ownership and use of the mark THE PLATTERS.

2.  In an injunction entered on February 1, 2001, in the action entitled Marshak, et al. v. Reed, 96-CV-2292 (NG), this Court ordered:

"Defendant Herb Reed, his agents and attorneys, and all those acting in concert with him are hereby enjoined from:

1) interfering with the use by plaintiff The Five Platters, Inc. ('FPI'), and its agents, licensees and assignees including but not limited to plaintiff Larry Marshak, of the name 'The Platters' or any other name that includes 'Platters,' except as specifically set forth in Paragraph B;...

3) performing or otherwise using the name 'The Platters' or any other name that includes 'Platters in the furnishing of entertainment services, except as specifically set forth in Paragraph B."

Paragraph B allowed Reed to use "Herb Reed and the Platters" or "Herb Reed of the Original Platters."

3.   This February 1, 2001 injunction survived two appeals to the Second Circuit, reported at 13 Fed. Appx. 19 and 34 Fed. Appx. 8, reconsideration by this Court in an order entered November 1, 2002, reported at 229 F.Supp. 2d 179, and a third appeal to the Second Circuit, reported at 87 Fed. Appx. 208.

4.   The present action arises because Reed, despite the February 1, 2001 injunction, has continued to violate Marshak's rights.

<u>Jurisdiction and Venue</u>

5.   This Court has subject matter jurisdiction over the first and second claims in this action pursuant to 28 U.S.C. § 1331 because they arise under 15 U.S.C. § 1125(a).

6.   In addition, this Court has subject matter jurisdiction over each of the claims in this action pursuant to

28 U.S.C. § 1332.   There is complete diversity of citizenship between (a) Marshak, a citizen of the State of New York, and EnMan, a corporation organized and existing under the laws of the State of Florida with its principal place of business in New York, and (b) Reed, upon information and belief a citizen of the State of Massachusetts, and John Doe Nos. 1-10, citizens of a State other than New York or Florida.   The amount in controversy exceeds $75,000, exclusive of interest and costs.

7.   Upon information and belief, venue is proper in this District pursuant to 28 U.S.C. §§ 1391 and 1400.

Parties

8.   Marshak is a natural person residing at 69-41 261st Street, Floral Park, New York 11004-1101.   Marshak is the controlling shareholder of EnMan.

9.   Upon information and belief, Reed is a natural person residing in Arlington, Massachusetts.   John Doe Nos. 1-10 are associates of Reed, whose identities are presently unknown to Marshak.

Background of this Action

A.       The Origin Of Marshak's Rights In THE PLATTERS Mark

10.   In 1953, the singing group "The Platters" was formed.   By 1954, the group consisted of five singers, Reed, Paul Robi, David Lynch, Tony Williams and Zola Taylor ("Original Platters").

3

11.   In 1956, the group's manager, Buck Ram, formed a company called The Five Platters, Inc. ("FPI").   The Original Platters executed employment contracts with FPI, and assigned FPI their rights in the mark THE PLATTERS in exchange for the issuance of shares of stock in FPI.

12.   In the 1960's all of the Original Platters sold their shares of stock in FPI to Buck Ram, or to a corporation that he controlled.   Reed left the Platters in 1969.

13.   On or about June 5, 2006, Live Gold, Inc. acquired from FPI, its alter ego, Personality Productions, Inc., and the shareholders of the various corporations, the ownership of the mark THE PLATTERS and the goodwill associated with it.

14.   Live Gold, Inc. on or about June 5, 2006, transferred the rights to THE PLATTERS mark to Marshak.

15.   Marshak has also acquired rights in THE PLATTERS mark that had vested in the estate of Tony Williams.

B.        Marshak's Use Of THE PLATTERS Mark

16.   Since acquiring the mark THE PLATTERS and the goodwill associated with it, Marshak has organized and promoted live musical performances throughout the United States under the mark THE PLATTERS.

17.   Marshak has invested significant monies to organize and promote performances under the mark THE PLATTERS. Marshak, for example, has made substantial investments in

4

searching for appropriate forums for performances, negotiating the terms of the performances, ensuring appropriate practice space for the performers, placing strategic advertisements for the performances, negotiating the cost of tickets for the performances, hiring and training personnel to perform in the group, hiring and training back up musicians to perform with the group, creating the content of the show, selecting the group's performance material, selecting professional staff of choreographers and vocal coaches to train the group, selecting costumes and uniforms and overseeing the group's general, professional demeanor.

18.    EnMan has produced a show at Harrah's Las Vegas in Las Vegas, Nevada, since October 1, 2010.  The show features the performances of three 1950s Doo Wop music groups under the marks THE PLATTERS, THE CORNELL GUNTER COASTERS and THE MARVELLETTES. Marshak also currently books acts under the mark THE PLATTERS in various other venues throughout the United States.

19.    Marshak has ensured that the performances he organizes and promotes under THE PLATTERS mark are of high quality.  If others promote performances under THE PLATTERS mark without Marshak's consent, Marshak would not have the ability to control the quality of those performances, and the goodwill associated with Marshak's mark would suffer.

20. Marshak has earned substantial revenue from the performances he promotes under the mark THE PLATTERS. Marshak would suffer serious and incalculable financial injury if his rights in THE PLATTERS mark were not enforced.

C.      The Prior Action In The Florida District Court

21. In 1984, FPI filed an action against Reed in the Southern District of Florida, entitled The Five Platters, Inc. v. Reed, No. 84-8324-CIV-SMA, based upon Reed's live musical performances under the mark THE PLATTERS.

22. Reed and FPI settled the Florida action on or about December 10, 1987. The Stipulation of Settlement, signed by Reed and Jean Bennett as President of FPI, dismissed the action with prejudice. Reed assigned to FPI all rights he had in the stock of FPI and agreed not to use the name THE PLATTERS, but retained the ability under the Stipulation of Settlement to perform as "Herb Reed and The Platters," "Herb or Herbert Reed of the Original Platters" or as "Herb or Herbert Reed," under license from FPI. But, under paragraph 7 of the Stipulation of Settlement, Reed retained the right to use THE PLATTERS mark in the event that a court enters a final judgment, from which all appeals have been exhausted, that FPI has no rights in the mark THE PLATTERS.

D.          The Prior Action In This Court

23.   On May 7, 1996, Marshak and others filed an action against Reed in this Court, entitled Marshak v. Reed, 96-CV-2292 (NG), seeking declaratory and injunctive relief in connection with Reed's use of THE PLATTERS mark.

24.   On February 1, 2001, this Court found for FPI, and granted declaratory and injunctive relief.  Specifically, this Court entered an injunction providing:

> "Defendant Herb Reed, his agents and attorneys, and all those acting in concert with him are hereby enjoined from:
>
>> 1) interfering with the use by plaintiff The Five Platters, Inc. ('FPI'), and its agents, licensees and assignees including but not limited to plaintiff Larry Marshak, of the name 'The Platters' or any other name that includes 'Platters,' except as specifically set forth in Paragraph B;...
>>
>> 3) performing or otherwise using the name 'The Platters' or any other name that includes 'Platters in the furnishing of entertainment services, except as specifically set forth in Paragraph B."

Paragraph B allowed Reed to use "Herb Reed and the Platters" or "Herb Reed of the Original Platters."

25.   Reed exhausted his appeals from this injunction.

E.          Reed's Filing Of The Nevada Action To Avoid
            The Effect Of The February 1, 2001 Injunction

26.   On November 12, 2010, Reed filed an action in the United States District Court for the District of Nevada, entitled

7

<u>Herb Reed Enterprises, Inc. v. Bennett</u>, 10-CV-1981 (JCM).  Reed alleged that THE PLATTERS mark was confusingly similar to the registered mark "Herb Reed and The Platters" and requested a preliminary and permanent injunction to prevent FPI, Personality Promotions, Inc. and Jean Bennett from any further use of the mark THE PLATTERS.  The complaint alleged:

> "54.  Reed has continuously used the name "The Platters" in commerce since 1953 in connection with musical performances, recording and the sale of the groups music."

27.  On April 22, 2011, Reed moved for a default judgment against FPI.  Reed argued in support of his motion:

> "Since Defendants ignored Plaintiffs' Complaint, the factual allegations relating to liability, paragraphs 11-85 of the Complaint are taken as true."

28.  On May 16, 2011 The District Court for the District of Nevada granted a default judgment and permanent injunction against FPI and Personality Productions, Inc.  The Nevada district court has not rendered a judgment adjudicating the claims against Bennett.

29.  On May 20, 2011, Marshak first learned of the Nevada Action through an anonymous fax.

## FIRST CLAIM FOR RELIEF
<u>(False Designation Of Origin - 15 U.S.C. § 1125(a))</u>

30.  Marshak repeats the averments contained in paragraphs 1 through 29 above as if set forth in full.

31.  Marshak owns the common law rights in the mark THE PLATTERS, as a result of the prior use of FPI and others, and as the result of more than 13 years of use of that mark in commerce.

32.  Reed's continued use of the mark THE PLATTERS constitutes a violation of Marshak's rights under 15 U.S.C. § 1125(a).  Reed's use of the mark THE PLATTERS in connection with live musical performances, that Marshak has not licensed, falsely designates the origin of Reed's services and constitutes an infringement of Marshak's rights in the mark THE PLATTERS.

33.  Reed's continued use of the mark THE PLATTERS is likely to cause confusion, mistake or deception as to the source or sponsorship of Reed's services.  Reed's acts falsely represent that his services are authorized, sponsored or approved by Marshak, when in fact they are not.  Reed's conduct violates 15 U.S.C. § 1125(a).

34.  Reed's violation of 15 U.S.C. § 1125(a) has been and remains willful, intentional and deliberate.

35.  Reed's conduct is causing and threatens to cause Marshak irreparable injury.  Upon information and belief, Reed has caused, and threatens to further cause, confusion among members of the trade and the public, including ticket-buyers, forum hosts and promoters.  This confusion causes or threatens to cause damage to the goodwill of Marshak.  Marshak is without an adequate remedy at law.

9

36. Marshak is entitled to an injunction against Reed's use of the mark THE PLATTERS in commerce, as well as compensatory and treble damages in an amount in excess of $75,000 exclusive of interests and costs to be determined by the trier of fact in this action.

## SECOND CLAIM FOR RELIEF
### (Inducing Trademark Infringement)

37. Marshak repeats the averments set forth in paragraphs 1 to 36 above as if set forth in full.

38. Upon information and belief, John Doe Nos. 1 through 10 have negligently, or alternatively intentionally, induced Reed to infringe the rights of Marshak under 15 U.S.C. § 1125(a) in the mark THE PLATTERS.

39. Marshak has been and threatens to continue to be materially, immediately, and irreparably injured by the conduct of John Doe Nos. 1 through 10.

40. Marshak is entitled to an injunction against John Doe Nos. 1 through 10 restraining them from inducing Reed to use of the mark THE PLATTERS in commerce, as well as damages in an amount in excess of $75,000 exclusive of interests and costs to be determined by the trier of fact in this action.

## THIRD CLAIM FOR RELIEF
### (Common Law Unfair Competition Under State Law)

41. Marshak repeats the averments contained in paragraphs 1 through 40 above as if set forth in full.

42. Marshak owns the common law rights in the mark THE PLATTERS.

43. Upon information and belief, Reed's use of the mark THE PLATTERS has caused, and threatens to continue to cause, confusion, mistake and/or deception in the minds of members of the trade and of the public, including ticket-buyers, forum hosts and promoters.

44. Reed's wrongful conduct constitutes misappropriation of the goodwill created and developed by Marshak in the mark THE PLATTERS, giving Reed an unfair competitive advantage by allowing him to exploit the efforts and monies Marshak has expended to make the mark valuable.

45. Reed's continued exploitation of the goodwill Marshak created in the mark THE PLATTERS infringes the common law rights of Marshak.

46. Reed's conduct has caused, and threatens to continue to cause, irreparable injury to Marshak by causing confusion among members of the trade and the public, including ticket-buyers, forum hosts and promoters, thereby damaging the goodwill developed by Marshak. Marshak is without an adequate remedy at law.

47. Marshak is entitled to an injunction against Reed's use of the mark THE PLATTERS in commerce, as well as compensatory and punitive damages in an amount in excess of

$75,000 exclusive of interests and costs to be determined by the trier of fact in this action.

FOURTH CLAIM FOR RELIEF
(Tortious Interference With Contract)

48.  Marshak and EnMan repeat the averments contained in paragraphs 1 through 47 above as if set forth in full.

49.  Marshak and EnMan earn substantial revenue from the performances they promote under the mark THE PLATTERS. Marshak enters into contracts with forums around the United States to host performances of the group.  EnMan has entered into a contract to lease an auditorium at Harrah's Las Vegas in Las Vegas, Nevada.  Their contracts with these venues are valuable assets of Marshak and EnMan.

50.  Upon information and belief, Reed intends to use any judgment that Reed obtains in the Nevada action to tortuously interfere with the contracts of Marshak and EnMan with their venues claiming that Marshak and EnMan are infringing the mark THE PLATTERS and that the venues that are hosting the performances under the mark THE PLATTERS are acting unlawfully.

51.  Reed's conduct threatens to tortuously interfere with the contracts between Marshak or EnMan and the forums hosting their performances under the mark THE PLATTERS.  Marshak has been, and threatens to continue to be, irreparably harmed by Reed's conduct as a result of the confusion among members of the

12

trade and the public, including ticket-buyers, forum hosts and promoters. This confusion will damage the goodwill Marshak has developed. Marshak is without an adequate remedy at law.

WHEREFORE, plaintiff demands judgment:

A. Preliminarily and permanently enjoining defendants, their agents, servants, employees, and attorneys and all those acting in concert with them from infringing THE PLATTERS mark in violation of 15 U.S.C. § 1125(a) and the common law,

B. Preliminarily and permanently enjoining defendants, their agents, servants, employees, and attorneys and all those acting in concert with them from further prosecuting the action entitled Herb Reed Enterprises, Inc. v. Bennett, 10 Civ. 1981 (JCM), in the District of Nevada,

C. Preliminarily and permanently enjoining defendants, their agents, servants, employees, and attorneys and all those acting in concert with them from asserting to any third party that Reed has rights to use the mark THE PLATTERS that are superior to the rights of Marshak, to attempt to induce any such third party to cease doing business with Marshak,

D. Awarding Marshak compensatory and treble damages pursuant to 15 U.S.C. § 1117(a),

E. Awarding Marshak compensatory and punitive damages pursuant to state common law,

13

F.    Awarding costs, including attorneys' fees,

G.    Granting such other and further relief as to this
Court seems just and proper.

Dated:  New York, New York
       May 27, 2011

                      DUNNEGAN LLC

By _William Dunnegan_
   William Dunnegan (WD9316)
   wd@dunnegan.com
   Samantha Morrissey (SM2280)
   sm@dunnegan.com
Attorneys for Plaintiff
   Larry Marshak
350 Fifth Avenue
New York, New York 10118
(212) 332-8300

14