UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------x
Larry Marshak and Florida Entertainment
Management, Inc.,

               Plaintiffs,

   - against -

Herbert Reed and John Does Nos. 1-10,

               Defendants.
-------------------------------------------------------x

OPINION AND ORDER
96-CV-2292 (NG) (RML)
11-CV-2582 (NG) (RML)

GERSHON, United States District Judge:

In 2001, this court entered a permanent injunction (the "2001 Injunction") determining that, as between Larry Marshak, a licensee of Five Platters, Inc. ("FPI"), and Herbert Reed, Marshak had a superior interest and rights to the trademark "The Platters," and that Reed could perform only under his own name or under a qualified name, such as "Herb Reed and the Platters" or "Herbert Reed of the Original Platters."

Marshak now seeks a finding of civil contempt against Reed.  Marshak argues that Herb Reed's filing of an action in Nevada interfered with his rights in "The Platters" mark in violation of the 2001 Injunction, which barred Reed from "interfering with the use by plaintiff FPI and its agents, licensees and assignees including but not limited to Larry Marshak, of the name 'The Platters' or any other name that includes 'Platters', except as specifically set forth in paragraph B . . . ."  He further argues that Reed's admission, in papers filed in the Nevada action, that Reed has been using the mark, "The Platters," in commerce continuously since 1953, evidences contempt of the 2001 Injunction.

In addition to seeking civil contempt, Marshak has commenced a separate action essentially seeking damages resulting from Reed's contempt of the 2001 Injunction.  Reed has moved to dismiss

-2-

the complaint in the damages action pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## FACTS

The background to the current controversy is set forth in the prior decisions of this court and the Second Circuit.[1]  The facts subsequent to those decisions, upon which Marshak relies, are discussed below.  The factual bases for Marshak's claims in his motion for civil contempt in 96-CV-2292 are identical to the factual bases of his damages action, 11-CV-2582.

The controversy surrounding "The Platters" mark, as discussed in my earlier opinion, has spawned numerous lawsuits across the country, requiring many courts to decide the relative rights in this mark; those decisions are far from consistent.  *See Marshak, et al. v. Reed*, 2001 WL 92225 at *4-*14.

Marshak is a promoter of music groups, including a group using the name "The Platters." Herb Reed was a founding member of the Platters, the person who named the group, and the last original Platter to leave the group.[2]

In 2001, this court issued an injunction granting Marshak and FPI rights to use "The Platters" mark and enjoining Reed from using the mark in connection with musical entertainment with the exception of being able to use the mark along with his name, such as "Herb Reed and the Platters"

---

[1]  The opinion and order entering the 2001 Injunction, *Marshak v. Reed*, No. 96 CV 2292, 2001 WL 92225 (E.D.N.Y. Feb. 1, 2001), was initially affirmed by the Second Circuit in 2001, *Marshak v. Reed*, 13 Fed.Appx. 19 (2d Cir. 2001), and subsequently vacated and remanded by the Second Circuit in 2002, *Marshak v. Reed*, 34 Fed.Appx. 8 (2d Cir. 2002), reconsidered and reinstated by this court in *Marshak v. Reed*, 229 F.Supp.2d 179 (E.D.N.Y. 2002), and affirmed by the Second Circuit, *Marshak v. Reed*, 87 Fed.Appx. 8 (2d Cir. 2004).

[2]  As in earlier decisions, I will refer to Tony Williams, Herb Reed, Paul Robi, David Lynch and Zola Taylor, the five members who comprised the group when it achieved its first success in 1954 as the "original" members of The Platters. With the exception of Reed, however, none of these members was involved as a "founding" member of The Platters in 1953.

or "Herb Reed of the Original Platters."  This injunction was based, in part, on a 1987 stipulation of settlement which Reed signed in the District of Florida with FPI, Marshak's licensor.  In that agreement, Reed assigned FPI all rights he had in the stock of FPI and agreed not to use "The Platters" mark, but he was allowed to use "Herb Reed and the Platters" or "Herb Reed of the Original Platters."  Paragraph seven of the1987 stipulation reserved Reed's ability to claim rights to "The Platters," "[i]n the event that a court of competent jurisdiction enters a final order with all appeals being exhausted that provides that The Five Platters, Inc. has no right in the name 'The Platters.'"

In 2010, Reed filed an action in Nevada against defendants Jean Bennett, FPI and Personality Productions, Inc. ("PPI") seeking a declaratory judgment of ownership rights in "The Platters" mark and claiming federal and common law trademark infringement, unfair competition, and slander.  The Nevada District Court granted Reed's motion for a preliminary injunction against all defendants and denied the defendants' motion for summary judgment against Reed, finding that the claims in the Nevada action were new claims that were "necessarily separate and distinct from the ones at issue" in the Eastern District of New York in that they "(1) involve[d] a dispute over the subsequently registered mark 'Herb Reed and the Platters' and (2) involve[d] events which occurred after the 2002 *Marshak* decision was handed down."  *Herb Reed Enterprises, Inc., et al., v. Bennett et al.*, No. 10-CV-1981, 2011 WL 220221 (D.Nev. Jan. 21, 2011).  On May 16, 2011, after FPI and PPI were granted extensions of time to retain counsel but failed to do so, the Nevada Court entered a default judgment and permanent injunction against them, prohibiting FPI and PPI, and anyone whose interest in "The Platters" mark derived from FPI's or PPI's rights in the mark, from using, licensing, promoting or allowing groups to perform in conjunction with "The Platters" mark.  *Herb Reed*

-4-

*Enterprises, Inc. v. Bennett*, No. 10-CV-1981, Doc. 60, May 16, 2011.

Reed then moved for partial summary judgment and declaratory judgment against Jean Bennett, and Bennett moved to dismiss the Nevada complaint as to her.  On June 30, 2011, the Nevada District Court issued an order denying Bennett's motion to dismiss the complaint, granting Reed's motion for partial summary judgment for trademark infringement, granting Reed's motion for declaratory relief as to Bennett's common law claims and converting the preliminary injunction into a permanent injunction against Bennett.  The Nevada District Court ruled that Herb Reed had a valid and protectable interest in the mark "Herb Reed and The Platters," based upon Reed's registration of that mark and the subsequent declaration of incontestability as to it issued by the U.S. Patent and Trademark Office. *Herb Reed Enterprises, Inc. v. Bennett*, No. 2:10-CV-1981, 2011 WL 2607079 (D.Nev. Jun. 30, 2011).  The Nevada District Court also found there was a likelihood of confusion between Reed's mark and "The Platters" mark. *Id.*  Therefore, the Nevada District Court granted partial summary judgment to Reed on his federal and common law trademark infringement claims, finding that Bennett infringed on his mark. *Id.*  The Nevada District Court also issued a declaratory judgment determining that Bennett and "the companies she controlled have never had common law rights in the mark 'The Platters'" and therefore have no rights to license, give or transfer "The Platters" mark. *Id.*

In response to learning about the Reed's commencement of the aforementioned action in the Nevada Court, Marshak moved this court for an order holding Reed in civil contempt for violating the 2001 Injunction and preventing Reed from performing any affirmative action in the Nevada Court which would result in the issuance of a final judgment there.  On June 1, 2011, I denied a request for a temporary restraining order, finding no irreparable injury to Marshak.  Marshak also

-5-

commenced a new action, docket number 11-CV-2582, seeking damages resulting from Reed's alleged contempt of the 2001 Injunction.

Since, as explained below, Reed is not in civil contempt of this court's injunction against him, the motion for civil contempt in 96-CV-2292 is denied. Therefore, there are no damages resulting from civil contempt, and the damages action, 11-CV-2582, is hereby dismissed.

## DISCUSSION

**Civil Contempt**

Civil contempt sanctions can both secure "future compliance with court orders" and "compensate the party that has been wronged." *Paramedics Electromedicina Comerical, Limitada v. GE Med. Sys. Info. Techs., Inc.*, 369 F.3d 645, 657 (2d Cir. 2004). "[A] contempt order is [], a 'potent weapon, to which courts should not resort where there is a fair ground of doubt as to the wrongfulness of the defendant's conduct." *Southern New England Telephone Co. v. Global NAPs*, 624 F.3d 123, 145 (2d Cir. 2010), *quoting King v. Allied Vision, Ltd.*, 65 F.3d 1051, 1058 (2d Cir. 1995). "A court may, however, hold a party in contempt for violation of a court order when 'the order violated by the contemnor is clear and unambiguous, the proof of non-compliance is clear and convincing, and the contemnor was not reasonably diligent in attempting to comply.'" *Id.*, *quoting EEOC v. Local 638*, 81 F.3d 1162, 1171 (2d Cir. 1996). "A clear and unambiguous order is one that leaves no uncertainty in the minds of those to whom it is addressed, who must be able to ascertain from the four corners of the order precisely what acts are forbidden." *King*, 65 F.3d at 1058.

-6-

Marshak makes two arguments as to why Reed has violated the 2001 Injunction.[3]  Relying on judicial estoppel, Marshak argues that Reed admitted, in paragraphs 53 and 54 of the complaint in the Nevada Action, that he has continuously been using "The Platters" mark, either by itself or in combination with his own name, in connection with musical performances, recording and music sales since 1953.  Contrary to Marshak's assertions, the papers filed by Reed in the Nevada action convey that Reed has been using the mark "Herb Reed and the Platters" since this court's 2001 Injunction and that Reed has received royalties from "The Platters" mark since 1953 solely in connection with music and recordings he made during his tenure as a founding and original member of the Platters.  Marshak does not contest that Reed was entitled to such royalties.  In sum, Reed has not admitted to using "The Platters" mark in any way that violates the 2001 Injunction.  It is also clear that the Nevada court understood Reed's papers the same way.  *See, e.g., Herb Reed Enterprises, Inc., et al., v. Bennett et al.*, 2011 WL 220221 at *1 ("plaintiff [] has presented evidence that the mark "Herb Reed and The Platters" was [] registered by Herb Reed  on the principal register with the United States Patent and Trademark Office ... [t]his is prima facie evidence of the validity of the registered mark.).  Therefore, there is no clear and convincing evidence that Reed used "The Platters" mark in a manner inconsistent with the 2001 Injunction or misleadingly represented which mark he was using.

_____

[3]  Reed argues that Marshak no longer has standing to enforce the 2001 Injunction as he lost his rights to the mark in a bankruptcy proceeding.  Marshak argues that he re-acquired rights to the mark through post-bankruptcy assignments from various parties who derived their interests either directly or indirectly from FPI's ownership of "The Platters" mark.  Since the 2001 Injunction protects not only Marshak, but all of FPI's "agents, licensees and assignees," Reed's argument based on the fact that any rights Marshak acquired after the 2001 Injunction differ from the rights he had at the time of the 2001 Injunction is without merit.  Marshak has made a prima facie showing of standing.

To the extent Reed challenges any of the intermediate transactions that ultimately led to Marshak's current interest in the mark, the validity of those transactions need not be addressed, since Reed prevails here.

-7-

Marshak's claim that Reed violated the 2001 Injunction by filing the Nevada action is also without merit. Although filing a lawsuit may be considered "interference" under some circumstances, *see United States v. International Bhd. of Teamsters*, 899 F.2d 143, 146 (2d Cir. 1990), that is not the case here. In *Teamsters*, the Second Circuit determined that the district court did not abuse its discretion in holding a defendant in civil contempt where he brought the suit "purposefully to harass [a court-appointed officer whose duties the defendant was enjoined from interfering with] by forcing [the court-appointed officer] to relitigate some issues already decided adversely to [the defendant]." *Id.*, at 146-147. Here, all parties have acknowledged that there has never been a final determination, with all appeals exhausted, by any court as to whether FPI ever had rights in the mark "The Platters."

Paragraph seven of the 1987 agreement in Florida expressly contemplated the possibility of an adjudication of FPI's rights to the mark "The Platters." Paragraph seven does not limit the type of action, or who may bring an action, that could, ultimately, result in "a final order with all appeals being exhausted that provides that The Five Platters, Inc. has no right in the name 'The Platters.'" As the Nevada Court pointed out, the Nevada Action concerned Reed's right to protect his incontestible mark in "Herb Reed and the Platters." Marshak recognizes that Reed was entitled to protect his mark in "Herb Reed and the Platters," by litigation if necessary. In the Nevada Action, Reed alleged that Bennett, FPI and PPI were interfering with the use of his incontestible mark. In order to determine the rights of the respective parties to that action, the Nevada court looked at the way in which Reed used his mark and also at how FPI acquired "The Platters" mark, and it determined that FPI acquired the mark fraudulently and subsequently used the mark misleadingly. In sum, because the 1987 stipulation contemplates a later court decision as to FPI's rights in "The

-8-

Platters" mark, Reed's Nevada action does not evidence contempt of this court's 2001 Injunction.

Finally, Marshak consistently states in his brief that Reed's Nevada action *may* interfere with Marshak's rights to "The Platters" mark. The possibility of interference is not the same as actual interference and could not rise to the level of clear and convincing evidence necessary for a court to impose civil contempt sanctions. *See Southern New England Telephone Co.*, 624 F.3d at 145.

**Motion to Dismiss**

Defendant Herb Reed moves to dismiss the damages action filed by Marshak and Florida Entertainment Management, Inc., pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim. On a motion to dismiss pursuant to Rule 12(b)(6), the court accepts as true all well-pleaded factual allegations and draws all inferences in the plaintiffs' favor. *See Cleveland v. Caplaw Enters.*, 448 F.3d 518, 521 (2d Cir. 2006). A complaint should be dismissed only if it fails to set forth sufficient allegations of fact to state a claim for relief that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). However, the court is "not bound to accept as true legal conclusions couched as factual allegations." *LaFaro v. New York Cardiothoracic Group, PLLC*, 570 F.3d 471, 476–77 (2d Cir. 2009).

The complaint in the damages action is premised upon Reed's violations of this court's 2001 Injunction by using "The Platters" mark and by filing the Nevada action, as described above. Specifically, plaintiffs claim that: (1) Reed violated 15 U.S.C. § 1125(a) (false designation of origin); (2) John Does 1 through 10, who have never been served, induced Reed to infringe on plaintiffs' rights in "The Platters"; (3) Reed violated common law unfair competition principles; and (4) Reed's conduct threatened to tortiously interfere with plaintiffs' contracts and ability to contract. As explained above, Reed did not use "The Platters" mark in violation of the 2001 Injunction and

-9-

did not make any misrepresentations to the Nevada District Court as to the nature of his rights in

"The Platters" mark.  Therefore, Reed's challenged actions did not infringe on plaintiffs' rights or

cause any confusion as to the origin of "The Platters" mark in violation of common law unfair

competition principles.  Nor has he tortiously interfered with plaintiffs' contracting rights merely by

filing the Nevada action.  Reed's motion to dismiss 11-CV-2582, the damages action, is granted.[4]

## CONCLUSION

For the reasons set forth above, Marshak's motion for Civil Contempt in 96-CV-2292 is

denied.

Defendants' motion to dismiss 11-CV-2582, plaintiffs' action seeking an injunction and

damages resulting from civil contempt, is granted, and the action is dismissed.  John Does 1 through

10, never identified or served in plaintiffs' action seeking civil damages, 11-CV-2582, are hereby

dismissed.

The Clerk of Court is directed to close both cases.

SO ORDERED.

/s/ Nina Gershon (electronically signed)
NINA GERSHON
United States District Judge

Dated: Brooklyn, New York
       March 12, 2012

---

[4] Reed's argument that there is no jurisdiction over Marshak's request for declaratory relief need not be addressed in light of the dismissal of the action on its merits.